McCay, Judge.
1. If the charge of the Court to the jury in this case was error the plaintiff is entitled to a new trial. Under that charge the jury was bound under the facts, to find for the defendant on the plea of the statute of limitations. The question of acquiescence was not open to the consideration of the jury. We think the charge of the Court error. We will not go into a discussion of the question as to whether the statute begins to run on the marriage of a female minor to a man of full age, though the case in 14 Georgia, 687, would seem to be very decisive on that point. The error we find in the charge is, however, upon a different point. We think the Court erred in holding that the deed of the trustee to Taylor, consented to by the wife, was a forfeiture of the life-interest, and that the statute of limitations commenced to run against the remaindermen as soon as Taylor or his grantees took possession. If the deed to Taylor was by Reynolds, as trustee for Mrs. Page and family, as the record before us has it, then the first ingredient of an act of forfeiture did not exist, to-wit: the assertion of title to and sale of the whole interest as the property *of the wife. The deed would not upon its face purport to convey the whole as her property. This, the assertion of title to and conveyance of the whole, is the very essence of the forfeiture. Forfeiture is a penalty for a breach of confidence. At common law, land passed by livery of seizin, delivery of possession. This the tenant for life had, and however his title might be limited, it was prima facie absolute. The grantor, by giving him the possession, had confided in him, and when, by virtue of this position, he gave livery of seizin of the whole, he was guilty of a breach of faith and forfeiture, even of what was his, was the penalty. So decidedly was this idea impressed upon the • doctrine in England, that there grew up the distinction of tortious and innocent conveyances by tenant for life. The former being such as involved livery of seizin, and the 'latter not. And there are decisions that deeds operating by notice of the statute of uses, to-wit: deeds of bargain and sale, deeds of lease and release, etc., though they convey the whole estate, wanting as they do this element of livery of seizin, do not create a forfeiture. But this doctrine of forfeiture has never been applied to trust estates. Creatures as they are of Courts of equity which do not favor forfeitures, the cestui que trust has never been held to have such a position as life tenant as to make a conveyance a breach of fealty. The trustee has the whole legal estate. If there be a breach of confidence or fealty, it is by him, and he represents the remainderman as well as the tenant for life: Lady Whetstone vs. St. Bary, 2 P. Williams, 146; 3 Atkins, 728.
In the case at bar, treating the forfeiture as a penalty, is it not *254 rather far fetched to say that the consent of the life tenant, that the trustee may sell the whole, is an assertion of title by her in the whole? Can it be fairly said to be anything more than a consent that, as far as she is concerned — that is, so far as her interests go — he may sell ? The legal title to the whole is in the trustee. If there is a wrong done, it is by him, and we think it very harsh to transfer the old' feudal penalty for an act of the tenant for life to a consent of that tenant to an *act of another. As the other grounds of error in this case depend upon this, we do not go into them.
2. As we have said, the charge of the Court on the subject of the statute of limitations left the jury no discretion, and as we have no reason to suppose they passed upon. the question of acquiescence, we do not inquire if the verdict may be sustained on that ground. We do not think the evidence demanded a verdict for the defendant, and it is only in such cases that this Court refuses a new trial, if there be serious error by the Judge.
Judgment reversed.